**Alice WHITAKER, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

**Civ. A. No. 95–0516 (CRR)(PJA).**

United States District Court, District of Columbia.

May 31, 1995.

Benjamin Wright Cotten, Washington, DC, for plaintiff.

Fredric Howard Schuster, Washington, DC, for defendant.

### MEMORANDUM ORDER

ATTRIDGE, United States Magistrate Judge.

Pursuant to 28 U.S.C. § 636(c), the parties have authorized this Court to conduct all proceedings in this case. Currently pending is the defendant Washington Metropolitan Area Transit Authority's ("WMATA") motion to dismiss Counts II and III of the plaintiff Alice Whitaker's complaint. Because the plaintiff has stipulated that she will withdraw Count II, the Court here decides only whether Count III shall be dismissed. For the reasons set forth herein, the motion shall be granted.

The plaintiff alleges that on January 23, 1994, while attempting to board a WMATA bus in the District of Columbia, she injured her knee as she lifted her leg off the street onto the first step of the bus. Compl. at ¶ 4. In Count I, Whitaker alleges that the bus driver was negligent in failing to pull the bus completely over to the curb and failing to lower the bus step or otherwise help the plaintiff. Id. at ¶ 6. In Count III, Whitaker alleges that WMATA breached "its contract with [her] to provide safe and secure transportation in return for payment of the proper fare." Id. at ¶ 14. Whitaker contends that "as part of its contract with passengers willing to pay the proper fare, [WMATA] agrees to provide safe and secure freedom of access." Id. at ¶ 15.

### I. Discussion

Dismissal for failure to state a claim is warranted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim entitling her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The complaint is to be construed liberally in the plaintiff's favor, with the plaintiff benefitting from all inferences that can be derived from the facts alleged. *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994) (citation omitted).

WMATA argues that "there is no cognizable cause of action based upon a breach of contract to provide safe and secure transportation" in the District of Columbia.[1] Opp. at 10. Since the defendant cites no authority substantiating this assertion, the Court notes that it is an overstatement. The fact that there are no reported cases in this jurisdiction where a cause of action has been successfully asserted against a common carrier for failing to provide "safe and secure transportation" to its passengers does not compel the Court to hold that such a claim is not "cognizable." The void of authority may merely mean that such cases have not been published.

In cases such as this, when District of Columbia law is silent, the Court's responsibility is to predict whether the District of Columbia Court of Appeals would recognize

---

1. The Court is obligated to apply District of Columbia law, of course. Paragraph 80 of the WMATA Compact declares, in part, that WMATA "shall be liable for its contracts and its torts ... in accordance with the law of the applicable signatory." D.C.Code Ann. § 1–2431 (1981).

such a cause of action. *See Friends For All Children v. Lockheed Aircraft,* 746 F.2d 816, 824–25 (D.C.Cir.1984). For assistance in conducting this task, courts in this Circuit turn to the law of Maryland because the District of Columbia derives its common law from that state, as well as for other historical reasons. *See Conesco Indus. v. Conforti & Eisele, Inc.,* 627 F.2d 312, 315–16 (D.C.Cir. 1980).

 In *Abramson v. Reiss,* 334 Md. 193, 203, 638 A.2d 743 (Md.1994), the Court of Appeals of Maryland stated that the following passage from *Prosser and Keeton on the Law of Torts* is in accord with Maryland law:

> Where the particular point at issue is one of adjective law only, affecting the suit or its procedure, but not the merits of the cause of action, the courts have tended to be quite liberal in giving the plaintiff his freedom of choice, and have upheld his action of tort or contract as he has seen fit to bring it. Likewise where the point is one affecting substantive rights, but the claim is one for damages to property or to pecuniary interests only, the tendency has been, with some occasional dissent, to allow the election. *But when the claim is one for personal injury, the decision usually has been that the gravamen of the action is the misconduct and the damage, and that it is essentially one of tort, which the plaintiff cannot alter by his pleading.*

W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 92, at 666–667 (5th ed. 1984) (emphasis added) (footnotes omitted). The wisdom of this longstanding rule of law is especially clear in case such as this. Were Whitaker's contract claim allowed to go forward, it would become necessary to establish the contours of the implied contract,[2] i.e.,

---

2. The Court of Appeals of the District of Columbia defined the term "passenger" as "one who travels in some public conveyance by virtue of an express or implied contract with the carrier, as by the payment of a fare or by that which is accepted as the equivalent thereof." *Marks v. Home Fire & Marine Ins. Co.,* 285 F. 959 (App. D.C.1923) (citations omitted).

3. The Court notes that Whitaker paid her fare *after* she suffered her injury. Compl. at ¶ 4. Because the defendant does not move for dismissal on the grounds that Whitaker had not

what duties the parties owed each other. But journeying down this path would merely lead the Court back to the beginning of its analysis, namely, determining WMATA's legal duty to its passengers.

Therefore, the Court holds that any breach of WMATA's duty of care was not a breach of a contractual duty but of a legal duty. *See McClure v. Johnson,* 50 Ariz. 76, 86–88, 69 P.2d 573, 578 (1937). While there is little doubt that Whitaker had an implied contract[3] with WMATA, the gravamen of her claim is for personal injury. Therefore, she must plead this claim as a negligence action.

## II. Conclusion

Accordingly, upon consideration of the motion to dismiss, the opposition, the reply, and the entire record, and for the foregoing reasons, it is this 31st day of May 1995

**ORDERED** that the Defendant's Motion to Dismiss [7] is hereby **GRANTED.**

---

entered into a contract with WMATA until after her injury, the Court does not decide the motion on this basis. Furthermore, the Court observes that at least one jurisdiction has held that "[t]he relation of carrier and passenger commences when a person with the good-faith intention of taking passage, and with the express or implied consent of the carrier, places himself in a situation to avail himself of the facilities for transportation which the carrier offers." *Rice v. Michigan Ry.,* 208 Mich. 123, 175 N.W. 454, 458 (1919) (citation and internal quotations omitted).